Plaintiff contracted with the Department of Agriculture to furnish labor and materials and all work for the construction of approximately 8 miles of road in Big Horn National Forest, Wyoming. Plaintiff claims that defendant breached the terms of the contract by furnishing faulty and erroneous staking marks, and that defendant improperly charged it with liquidated damages for a 97-day overrun in contract completion. Defendant claims that plain *888 tiff failed to exhaust its administrative remedy as to the staking claim, that the staking claim is barred by reason of a release which plaintiff executed, and that plaintiff abandoned its liquidated damages claim. This case came before the court on defendant’s motion for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, the court concluded that plaintiff is not entitled to recover as to its claim for an extension of time and remission of liquidated damages. (See Morrison-Knudsen Co. v. United States, 170 Ct. Cl. 757, 345 F. 2d 833 (1965).) On April 27,1973 the court, by order, granted defendant’s motion respecting plaintiff’s claim for an extension of time and remission of liquidated damages, and dismissed the petition. Also by order of April 27, 1973, the court denied defendant’s motion as to plaintiff’s staking claim, and remanded this claim to the Department of Agriculture Board of Contract Appeals under the provisions of the Act of August 29,1972, Pub. L. 92-415, amending 28 U.S.C. § 1491, and of General Order No. 3 of 1972 (with plaintiff’s attorney to comply with paragraph 9(a) thereof), for an administrative determination of so much of said claim as may be shown to have arisen under the contract. “However, the Board shall exclude from its consideration questions, if any, relating to award of damages for breach of contract so that plaintiff’s right to bring a subsequent timely action for breach of contract in this court will not be prejudiced. (See J. G. Watts Constr. Co. v. United States, 174 Ct. Cl. 1, 355 F. 2d 573 (1966).)”